IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| IMMUNICON CORPORATION, et al.[1] | : | Case No. 08-11178 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline: Aug. 11, 2008 @ 4:00 pm** |
| | : | **Hearing Date: Aug. 21, 2008 @ 10:00 am** |
| | : | **(Only If Timely Objections Are Filed)** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY CHANIN CAPITAL PARTNERS *NUNC PRO TUNC* TO JUNE 23, 2008, AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of Immunicon Corporation, *et al.*, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submits this application (the "Application") for entry of an order, pursuant to sections 328 and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the retention and employment of Chanin Capital Partners ("Chanin"), as financial advisors to the Committee *nunc pro tunc* to June 23, 2008. In support of this Application, the Committee relies upon the affidavit of John Madden (the "Madden Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

---

[1] The Debtors are the following entities: Immunicon Corporation, Immunicon Europe, In., IMMC Holdings, Inc., and Immunivest Corporation.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are sections 328 and 1103(b) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3.  On June 11, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 the Bankruptcy Code. The Debtors have thereafter continued in possession of their property and have continued to manage their business and properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On June 23, 2008 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed the Committee to represent the interest of all unsecured creditors in these Chapter 11 cases. The members of the Committee are: (i) SF Capital Partners, Ltd., (ii) Portside Growth and Opportunity Fund, and (iii) Tyco Healthcare Group, L.P. (d/b/a Kendall Healthcare). At a meeting of the Committee held on June 23, 2008, the Committee selected Schulte Roth & Zabel LLP ("SRZ") to serve as counsel to the Committee pursuant to Section 1103(a) of the Bankruptcy Code.[2]

5.  On June 23, 2008, the Committee made the determination to retain Chanin to perform certain financial advisory services.

---

[2] The Committee also selected Pachulski Stang Ziehl & Jones ("PSZJ") to serve as local counsel.

## RELIEF REQUESTED

6. By this Application, the Committee seeks to employ Chanin as its financial advisor, *nunc pro tunc* to June 23, 2008, at a flat rate of $50,000 per month, due and payable for all months from the inception of the engagement through the earlier of (a) the closing of the Section 363 sales transaction, or (b) 3 months from date of Chanin's retention. Subsequently, the Debtors shall pay Chanin a cash fee of $25,000 per successive month up until the Effective Date of a Confirmed Plan of Reorganization (together the "Monthly Fees"), plus properly reimbursable expenses and out-of-pocket costs as an expense of administration and/or in accordance with any order of this Court, subject to approval by this Court. In addition, the Debtors shall pay Chanin a transaction fee (the "Transaction Fee") of $150,000 to be earned at the closing of the 363 sales process less any monthly fees earned prior to the closing of the Section 363 Sales Transaction and (b) 1% of the incremental proceeds above $33,087,500 (the "Proposed Transaction") in the event of a higher offer. Specifically, the Committee respectfully requests entry of an order pursuant to sections 328 and 1103(b) of the Bankruptcy Code authorizing Chanin to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

7. The Committee anticipates that Chanin may render the following services in these cases:

   (i) Review and analyze the Company's operations, financial condition, business plan, strategy, and operating forecasts;

   (ii) Analyze the proposed asset sale transaction and potential asset sale alternatives;

   (iii) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization;

(iv) Provide testimony, as necessary, before the bankruptcy court regarding the asset sale transaction or alternative asset sale transactions and related Plan of Reorganization; and

(v) Provide the Committee with other appropriate general restructuring advice and litigation support.

8. Subject to this Court's approval of the Application, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

9. The Committee has selected Chanin as its financial advisor because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

10. The Committee believes that Chanin is well qualified and uniquely able to provide financial advisory services to it in these cases in an efficient manner. Moreover, Chanin has advised debtors and creditors committees in numerous restructuring transactions, including some of the largest and most complicated cases. Some of Chanin's more prominent recent creditor committee representations were in the following chapter 11 cases:

> Allied Holdings
> Birch Telecom, Inc.
> Citation Corporation
> Cable & Wireless USA, Inc.
> Dura Automotive Systems, Inc.
> Global Power Equipment Group, Inc.
> O'Sullivan Industries
> Pac-West Telecomm, Inc.
> Scotia Development LLC
> Washington Group International

11. The Committee needs assistance in collecting and analyzing financial and other information in relation to these Chapter 11 cases. Chanin has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, Chanin is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of the Committee's knowledge and based upon the Madden Affidavit, Chanin is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. To the best of the Committee's knowledge and based upon the Madden Affidavit, Chanin does not hold or represent an interest adverse to the estate with respect to the matter on which Chanin will be employed that would impair Chanin's ability to objectively perform professional services for the Committee, in accordance with section 1103(b) of the Bankruptcy Code.

14. To the best of the Committee's knowledge and based upon the Madden Affidavit, the Chanin professionals working on this matter are not relatives of the United States Trustee of the District of Delaware or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

15. Chanin has not provided, and will not provide, professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

16. These cases are likely to raise complex issues and the Committee will require financial advisors with extensive experience in insolvency and bankruptcy cases.

17. The Committee is satisfied that Chanin is qualified to represent it in these cases in a cost-effective, efficient and timely manner and that its employment will be in the best interest of the Committee and the estate.

18. Section 327(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment.

19. On or about June 23, 2008, Chanin and the Committee entered into an engagement letter (the "Engagement Letter"), a copy of which is attached hereto as Exhibit "B". Pursuant to the terms and conditions described in the Engagement Letter, Chanin will seek compensation for the services specified in this application. The Engagement Letter provides for a fee equal to $50,000 per month, due and payable for all months from the inception of the engagement through the earlier of (a) the closing of the Section 363 sales transaction, or (b) 3 months from date of Chanin's retention. Subsequently, the Debtors shall pay Chanin a cash fee of $25,000 per successive month up until the Effective Date of a Confirmed Plan of Reorganization (together the "Monthly Fees") Also, the Debtors shall pay to Chanin a Transaction Fee of $150,000 to be earned at the closing of the 363 sales process less any monthly fees earned prior to the closing of the Section 363 Sales Transaction and (b) 1% of the incremental proceeds above $33,087,500 (the "Proposed Transaction") in the event of a higher offer. In addition, the Engagement Letter provides that Chanin will receive monthly reimbursement of all reasonable out-of-pocket expenses, including, without limitation, reasonable travel expenses, computer and research charges, legal, messenger services, and long distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

## REQUESTED WAIVER

20. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily

kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis.

21. In addition, apart from the time recording practices described above, Chanin's restructuring personnel do not maintain their time records on a "project category" basis. The Committee submits that the detailed time descriptions that Chanin's restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation. Consequently, the Committee requests that Chanin be authorized to file fee applications in accordance with the foregoing time recording practices, and that the information requirements imposed by Del.Bank.LR 2016-2 be waived accordingly.

## NUNC PRO TUNC RELIEF REQUESTED

22. Pursuant to the Committee's request Chanin commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to June 23, 2008.

23. Based upon the foregoing, the Committee submits that cause exists to authorize the retention of Chanin *nunc pro tunc* to June 23, 2008.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order approving and authorizing the retention of Chanin, as financial advisor to the Committee in these chapter 11 cases, said appointment to be effective *nunc pro tunc* to June 23, 2008.

Dated: July 23, 2008

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IMMUNICON CORPORATION,** *et al.*

By: _____
Jeffrey Smith, Co-Chair
Official Committee of Unsecured Creditors for Immunicon Corporation, *et al.*